# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN COVINGTON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:18-CV-1667-AGF |
| CARLINA STUCKEY-PARCHMON, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Kevin Covington, an inmate at St. Louis County Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $18.37. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a motion and affidavit in support of his request to proceed as a poor person.[1] A review of plaintiff's inmate account statement indicates he has an average monthly deposit of $91.83. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $18.37, which is twenty percent of his average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

---

[1] Plaintiff has used a form motion drafted for use in the state courts of Missouri, but has filed the appropriate inmate account statement. The Court will calculate the initial partial filing fee based on plaintiff's inmate account statement.

- 2 -

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 alleging defendants nurse Carlina Stuckey-Parchmon and the St. Louis County Medical Department are violating his Eighth Amendment rights by deliberately disregarding his serious medical needs. Plaintiff states that on at least four separate occasions from May to September 2018, nurse Stuckey-Parchmon has refused to dispense plaintiff his prescription medication to control his blood pressure and diabetes. On these occasions, plaintiff states that his blood pressure has risen extremely high and his blood sugar has spiked downward. He states it would take up to seven hours to receive his medication after nurse Stuckey-Parchmon refused to administer it. Plaintiff seeks $125,000 in compensatory and punitive damages.

In a letter received by the Court on January 22, 2019, plaintiff states that he is still being denied his medication by nurse Stuckey-Parchmon. *See* ECF No. 4.

## Discussion

To prevail on his Eighth Amendment claim, plaintiff must show that (1) he suffered from an objectively serious medical need and (2) defendant knew of, but deliberately disregarded, that need. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). Here, plaintiff states he was prescribed daily medication to control his blood pressure and diabetes, and that nurse Stuckey-Parchmon deliberately refused to administer this medication. Liberally construed, plaintiff has stated a plausible claim for deliberate indifference to a serious medical need against nurse Stuckey-Parchmon.

Plaintiff's claims against the St. Louis County Medical Department, however, are frivolous and will be dismissed under 28 U.S.C. § 1915(e)(2)(B). Relevant precedent establishes that a department or subdivision of local government is not a "juridical," or suable, entity under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992).

For the foregoing reasons, the Court will issue process or cause process to issue on defendant Carlina Stuckey-Parchmon on plaintiff's complaint, and will dismiss without prejudice defendant the St. Louis County Medical Department.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $18.37 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Carlina Stuckey-Parchmon.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendant St. Louis County Medical Department because, as to this defendant, the complaint is legally frivolous.

An Order of Partial Dismissal will accompany this Memorandum and Order

Dated this 5th day of February, 2019.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE